## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES SHARP, # M-35304,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-1512-NJR** |
| | ) | |
| **JOHN R. BALDWIN,** | ) | |
| **SHERRY BENTON,** | ) | |
| **COREY BERRY,** | ) | |
| **JACOB CURRY,** | ) | |
| **BART TOENNIES,** | ) | |
| **and MARK BURTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff James Sharp, an inmate of the Illinois Department of Corrections currently incarcerated at Hill Correctional Center ("Hill"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose during his confinement at Centralia Correctional Center ("Centralia"). Plaintiff's Complaint (Doc. 1), which claims that he was subjected to retaliatory discipline and excessive force and denied medical treatment, is now before the Court for a preliminary merits review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

Applying these standards, the Court finds that one of Plaintiff's claims survives threshold review under § 1915A.

## The Complaint

The Complaint presents the following allegations: On September 5, 2016, C/O Berry brought several disciplinary charges against Plaintiff, which Berry knew would result in Plaintiff being transferred out of Centralia. (Doc. 1, pp. 4-5). The charges were fabricated and brought to retaliate against Plaintiff. (Doc. 1, pp. 5, 8). Correctional Officer ("C/O") Curry also participated in the retaliation, apparently by issuing another disciplinary ticket. (Doc. 1, pp. 8, 13).

Due process procedures were not followed in the disciplinary adjudication by Burton and Toennies. Specifically, they failed to give Plaintiff 24 hours' notice of the charges before his hearing; falsely stated that Plaintiff did not request witnesses; and found him guilty based only on the officer's report, without consideration of any other evidence. (Doc. 1, pp. 5-6, 9).

On May 5, 2017, Benton and Baldwin denied Plaintiff's grievance appeal without a hearing. (Doc. 1, pp. 6, 13). They did delete a "Dangerous Disturbance" charge. Benton's attached letter disposing of the appeal discloses that Plaintiff was given six months in segregation and that some good conduct credits ("GCC") were revoked. (Doc. 1, p. 13).

Shortly before Plaintiff was sent to temporary segregation on the disciplinary charges, Berry slammed a chuckhole shut on Plaintiff's finger. (Doc. 1, p. 5). Plaintiff was taken to the health care unit, where a doctor saw that he had a laceration and could not bend or flex the finger. (Doc. 1, p. 7). The doctor recommended ice and a bandage. Since then, Plaintiff was given no further treatment for the finger injury, and it now has very little mobility.

Benton and Baldwin ignored Plaintiff's grievance claim that he was denied adequate medical treatment. (Doc. 1, p. 8).

Plaintiff seeks declaratory relief and damages. (Doc. 1, pp. 10-12).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

| | |
|---|---|
| **Count 1:** | Defendants retaliated against Plaintiff by filing false disciplinary charges against him (Berry & Curry); finding him guilty of the disciplinary infractions (Burton & Toennies); and denying his grievance (Benton & Baldwin); |
| **Count 2:** | Burton and Toennies deprived Plaintiff of a liberty interest without due process, by denying him 24 hours' notice of the disciplinary charges, denying his right to call a witness, and finding him guilty based only on the officers' reports; |
| **Count 3:** | Berry subjected Plaintiff to cruel and unusual punishment by intentionally slamming his finger in a chuckhole; |
| **Count 4:** | Plaintiff was denied adequate medical care for his injured finger, resulting in permanent impairment. |

As explained below, Count 3 shall proceed in this action for further consideration. Counts 1, 2, and 4 fail to state a claim upon which relief may be granted and shall be dismissed without prejudice.

### Dismissal of Count 1 – Retaliation

Prison officials may violate the First Amendment if they take adverse action against an inmate in retaliation for the prisoner's filing of a grievance, lawsuit, or otherwise complaining about his conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). In order to state a claim for unconstitutional retaliation, a plaintiff must plead facts to indicate that his protected First Amendment activity was "at least a motivating factor" in the defendant's decision to

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

take the retaliatory action. *See McKinley v. Schoenbeck*, 731 F. App'x 511, 515 (7th Cir. 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

In this case, Plaintiff alleges that Berry and Curry filed false disciplinary charges against him in "retaliation" – but Plaintiff never describes any protected activity on his part that supposedly triggered the retaliatory disciplinary charges. He therefore fails to state a cognizable retaliation claim against Berry or Curry. Because the Complaint does not support a retaliation claim against Berry or Curry in the first instance, Plaintiff cannot maintain a retaliation claim against the remaining Defendants. Accordingly, **Count 1** shall be dismissed without prejudice.

### Dismissal of Count 2 – Due Process

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or is otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). In addition, the disciplinary ruling must be supported by some evidence in the record – but even a meager amount of supporting evidence (such as an officer's account of the incident) is sufficient. *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). *See also Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Plaintiff's claim that he was not given 24 hours' notice of the charges before his hearing and was not allowed to call witnesses raises a question regarding whether Toennies and Burton complied with the *Wolff* due process requirements. However, any further examination of Plaintiff's due process claim at this time would be either premature or barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Benton's letter dated May 5, 2017, showed that Plaintiff's challenge to the disciplinary revocation of his good conduct credits was pending at that time before the Prisoner Review Board. (Doc. 1, p. 13). The Complaint does not disclose whether those credits were restored or whether the disciplinary "conviction" was reversed.

*Heck v. Humphrey* held that a § 1983 action for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. For purposes of this analysis, "the ruling in a prison disciplinary proceeding is a conviction." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008)). In *Balisok*, the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [the prisoner's] good-time credits" are not actionable under § 1983 unless the prison disciplinary decision has been invalidated, even though the restoration of credits is not sought as a remedy. 520 U.S. at 646-68.

In this action, Plaintiff seeks damages for the alleged due process violations in the disciplinary action that led to the loss of his good conduct credits. Such a claim is barred unless the disciplinary action has been reversed and the sentence credits restored. Because Plaintiff does not assert that this has been done, **Count 2** shall be dismissed without prejudice. If Plaintiff succeeds in his effort to invalidate the disciplinary action, he may re-file this claim. The Court makes no comment on the merits of this due process claim.

**Count 3 – Excessive Force**

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if he intentionally uses excessive force against an inmate without penological justification. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

Here, Plaintiff's allegation that Berry purposely slammed a chuckhole door shut on his finger suggests an Eighth Amendment excessive force violation. **Count 3** shall therefore proceed for further consideration.

**Dismissal of Count 4 – Deliberate Indifference to Serious Medical Need**

Plaintiff's claim that he was denied medical attention for his injured finger may support an Eighth Amendment claim for deliberate indifference to a serious medical condition. His injury appears to have been objectively serious, and the doctor recommended ice and a bandage to treat it. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (medical condition is serious where it has "been diagnosed by a physician as mandating treatment"). However, the Complaint fails to set forth any facts to meet the subjective component of a deliberate indifference claim – which is that a Defendant must have been aware of the serious condition and the risk of harm to Plaintiff if treatment is denied or delayed, yet failed to take action to address the harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Plaintiff never identifies any prison official who failed to treat his injured finger after becoming aware that he was in need of medical attention, and he does not allege that any of the named Defendants were responsible for the denial of medical care.

**Count 4** thus fails to state a claim upon which relief may be granted, and shall be dismissed without prejudice.

**<u>Disposition</u>**

**COUNTS 1, 2, and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**BALDWIN, BENTON, CURRY, TOENNIES,** and **BURTON** are **DISMISSED** from this action without prejudice.

In order for **COUNT 3** to proceed, the Clerk of Court shall prepare for **BERRY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 18, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**