IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES SHARP,<br><br>        Plaintiff,<br><br>v.<br><br>COREY BERRY,<br><br>        Defendant. | Case No. 3:18-CV-1512-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Gilbert C. Sison (Doc. 21), which recommends the undersigned grant the Motion for Summary Judgment on the issue of exhaustion of administrative remedies filed by Defendant Corey Berry. (Doc. 18). For the reasons set forth below, the Court adopts the Report and Recommendation and grants Defendant's motion for summary judgment.

Plaintiff James Sharp, an inmate of the Illinois Department of Corrections, brought this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Specifically, Sharp asserts Defendant Berry subjected him to cruel and unusual punishment in violation of the Eighth Amendment when he intentionally slammed Sharp's finger in a chuckhole. (*See* Doc. 6).

On June 28, 2019, Defendant Berry filed a motion for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 18). Although Defendant Berry gave Sharp proper notice of his motion as required by the Federal Rules of Civil Procedure (Doc. 20), Sharp never responded to the motion.

On October 8, 2019, Magistrate Judge Gilbert C. Sison entered a Report and Recommendation, recommending that the undersigned grant Defendant's motion. Under Local Rule 7.1(c), Judge Sison considered Sharp's failure to respond an admission of the merits of the motion. Moreover, the evidence in the record demonstrated that, while Sharp's grievances were fully exhausted, they did not exhaust Sharp's remedies as to Defendant Berry. Accordingly, Judge Sison found that summary judgment should be entered in favor of Defendant Berry. Objections to the Report and Recommendation were due October 25, 2019. 28 U.S.C. §636(b); SDIL-LR 73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court should review the Report and Recommendation only for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Judge Sison's Report and Recommendation for clear error. Following this review, the Court agrees with Judge Sison's findings, analysis, and conclusions.

Having found no clear error, the Court **ADOPTS** Judge Sison's Report and Recommendation (Doc. 21). The Motion for Summary Judgment filed by Defendant Corey Berry (Doc. 18) is **GRANTED**, and Plaintiff James Sharp's claims against

Defendant Berry are **DISMISSED without prejudice**. This entire action is **DISMISSED without prejudice**, and the Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

    IT IS SO ORDERED.

    DATED:   October 31, 2019

                                                   **NANCY J. ROSENSTENGEL**  
                                                   **Chief U.S. District Judge**